

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. B. Ritchey, Jr.
County Attorney
Jasper County
Jasper, Texas

Dear Sir:

Opinion No. O-4272
Re: Is the county attorney entitled
to receive 10% commission on a
fine paid in the district court
by defendant in a contempt pro-
ceeding case where defendant
had violated an injunction en-
joining her from selling liquor
or using her premises for that
purpose?

Your letter requesting the opinion of this depart-
ment on the above stated question reads as follows:

"In Re: Is the county attorney entitled
to receive 10% commission on fine paid in dis-
trict court by defendant in a contempt proceed-
ings case where defendant had violated an in-
junction enjoining her from selling liquor, or
using her premises for that purpose?

"Article 950 CCP provides: The district
or county attorney shall be entitled to ten per
cent of all fines, forfeitures or moneys collect-
ed for the State or county, upon judgments re-
covered by him;

"Texas Jurisprudence, Vol 15, page 422, says,
'A provision of the code of criminal procedure
that "the district or county attorney shall be
entitled to ten per cent of all fines, forfeitures
or moneys collected for the State or County, upon
judgments recovered by him" has been held to con-
fer no right to commissions for the collection of
money in suits which are in every respect civil

in character or in no manner connected with the
administration of criminal law, but to apply
only in cases arising under the Penal Code, or
Code of Criminal Proceedure.'

"The facts in the instant case are: May
Belton had been convicted in county court in
Jasper County for selling liquor from her premises.
An injunction was gotten out in District Court
enjoining her from using her premises for that
purpose. She violated the injunction. Mr. Martin
of the Attorney General's department prepared the
papers for contempt proceedings for Mr. Grady Wat-
son of Beaumont, Texas; Mr. Watson brought these
papers to me and I signed them, filed them and
got out service. Mr. Martin appeared here in
court with Mr. Watson and presented the case be-
fore Judge Adams, and Judge Adams fined the de-
fendant May Belton $50.00 and costs. She paid her
fine and costs.'

"From the law above quoted it appears to me
that the question here is as to whether the con-
tempt proceedings is civil or criminal in nature;
that is, if it arises under the criminal code of
proceedure or the penal code, then the county at-
torney is entitled to the fee; if not, then he
would not be entitled to it. As the injunction
is based on a criminal matter, that of violating
the Liquor law, and the purpose of the injunction
is to enforce the liquor laws, the same being of
criminal nature, it is reasonable to assume that
the contempt proceedings would be connected with
a criminal matter. If such be the case then it
is logical to say that the county attorney would
be entitled to the commission.

". . . ."

Under the provisions of Article 666-29 and Article
667-27, Vernon's Annotated Penal Code, it is the duty of the
Attorney General, or the District or County Attorney, upon
having called to his attention by affidavit of any credible
person that any person who is violating, or is about to vio-
late, any of the provisions of the Texas Liquor Control Act

or if any permit or license is wrongfully issued, to begin proceedings to restrain any such person from the threatened or any further violation, or operation under such permit or license.

The above mentioned statutes authorize the Attorney General, or the District or County Attorney to begin or institute injunction proceedings to restrain any person from the threatened or any further violation, of the Texas Liquor Control Act or operation under a permit or license that has been wrongfully issued. However, when the injunction is violated the contempt proceeding is brought by virtue of Article 1911 Vernon's Annotated Civil Statutes which provides:

"The District Court may punish any person guilty of contempt of such Court by fine not exceeding $100.00, and by imprisonment not exceeding three days."

Contempts of Court are classified as direct and as indirect or constructive, the test being whether the contempt was offered within or out of the presence of the Court. This distinction is important from the procedural standpoint; direct contempts are punishable summarily, while constructive contempts require a different and less drastic process. (Ex parte Ratliff, 3 S. W. (2) 406; Ex parte Robertson, 11 S. W. 669).

A contempt committed in the presence of the Court is denominated a direct contempt. A constructive contempt is said to be an act done, not in the presence or hearing of the Court, but at a distance, an act which tends to belittle, to degrade, or obstruct, interrupt, prevent or embarrass the administration of justice. (Ex parte Duncan, 182 S. W. 313; Ex parte Vogler, 9 S. W. (2) 733).

Under another classification, contempts are regarded as civil or criminal. Those proceedings instituted solely for the purpose of vindicating the dignity of the Court are criminal.

We quote from Texas Jurisprudence, Vol. 9, page 618, section 33 as follows:

"Contempt proceedings are commonly regarded as criminal in their nature even when arising in

civil actions. It is said that even in remedial contempts of the mildest character there is the essential idea of contumacy, wilful disobedience of orders and decrees made in the administration of justice. The offense is against the administration of justice and against society, and hence it implies criminality. On this theory and the proceedings should confirm as nearly as possible to proceedings in criminal cases. . . . But contempt proceedings are not criminal cases within all the rules and definitions of criminal law. They are said to be of a criminal nature because they are not properly civil suits, and because they involve the idea of the punishment of unauthorized acts. They are matters sui generis. Nor is a contempt of Court an offense within the meaning of the Penal Code."

The case of Casey vs. State, 25 Tex. R. 381, among other things, holds in effect that a contempt of Court is not an offense within the meaning of the Penal Code. Contempts are matters sui generis, and not criminal in the sense in which crimes are treated by the writers upon criminal law. They are said to be of a criminal nature, because they are not properly civil suits, and because they involve the idea of the punishment of unauthorized acts. (Also see the case of Ex parte Scott, 123 S. W. (2) 306).

The statutes are silent regarding the procedure upon commitment for contempt, it is said that reference must be had to the common law and such modifications as are found in the precedent available. When one is adjudged to be in contempt, the fact of controversy should be ascertained and determined, and this adjudication should be entered in the minutes of the Court, and a writ of commitment issued thereon, for it has been uniformly held that imprisonment for contempt will not be tolerated on a mere verbal order of the Judge. (Tex. Jur., Vol. 9, page 632; Ex parte McGraw, 277 S. W. 699; Ex parte Andrews, 100 S. W. 376).

The ordinary form of judgment is that the party be committed to jail until the fine and costs are paid. (Ex parte Robertson, 11 S. W. 669). However, Article 1911, supra, the statute under which the proceeding was brought does not authorize the taxing of costs in such proceedings, or said statute does not provide for any commission for the District

or County Attorney. We have failed to find any statute providing a commission for the District or County Attorney when the proceeding is under Article 1911, supra.

Article 950, Code of Criminal Procedure provides that the District or County Attorney shall be entitled to ten percent (10%) of all fines, forfeitures or moneys collected for the state or county, upon judgments recovered by him. This Article does not apply to civil actions on behalf of the state to recover penalties and confers no right to commissions for the collection of money in suits which are in every respect civil, in fact, and in no manner connected with the administration of criminal law, but applies only in cases arising under the Penal Code, or Code of Criminal Procedure. (State vs. Moore, 57 Tex. 307; State vs. Blaton, 192 S. W. 814; State vs. Hart, 70 S. W. 948). Therefore, we do not believe that Article 950, supra, authorized the County Attorney to receive ten percent (10%) commission on the fine paid in the above mentioned contempt proceeding.

In Ex parte Green, 295 S. W. 910, the Supreme Court said:

"Where one is adjudged in contempt of Court for violating an injunction issued under the Revised Statutes of 1925, Article 5110, (which provides for an injunction) and forbidding the sale of intoxicating liquors in violation of the law, the case is a civil case, not a criminal case within the meaning of Revised Civil Statutes of 1925, Article 1737, providing that the Supreme Court may issue writs of habeas corpus in certain instances in any civil case." (Parenthesis ours)

Also see the following cases, Ex parte Wolf, 34 S. W. (2) 277; Ex parte Green, 272 S. W. 161; Ex parte Alderet, 203 S. W. 764.

There are other cases holding that violation of such injunction is a civil matter. However, none of these cases hold that such proceedings are civil cases in the strictest sense, or as that term is ordinarily defined by law.

Article 335, Vernon's Annotated Civil Statutes provides in part:

"When a District or County Attorney has collected money for the State or any County, he shall

within thirty days after receiving the same, pay
it into the Treasury of the State or the County
in which it belongs, after deducting therefrom
and retaining the commissions allowed him thereon
by law. Such District or County Attorney shall
be entitled to 10% commission from the first $1000
collected by him in any one case for the State or
County from any individual or company, and 5% on
all sums over $1000, to be retained out of the
money when collected, and he shall also be entitled
to retain the same commissions on all collections
made for the State or for the County. . . ."

Apparently the above quoted statute provides commissions for the District or County Attorney on moneys collected by him in civil suits and does not apply to contempt proceedings because, as stated above, contempt proceedings are not properly civil suits. Contempts are matters sui generis and are neither criminal cases nor civil cases in the strictest sense, or as these terms are ordinarily defined by law. We have failed to find any statute providing a commission for a District or County Attorney on money paid as a fine in a contempt proceeding and in the absence of such a statute, we respectfully answer the above stated question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED JAN 27, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

AW:mp



OPINION
COMMITTEE
BY BWB
CHAIRMAN